SUMMARY ORDER

Petitioner Jian Xiao Zheng, a native and citizen of the People’s Republic of China, seeks review of a November 21, 2007 order of the BIA denying his motion to reopen his removal proceedings. In re Jian Xiao Zheng, No. A 77 297 196 (B.I.A. Nov. 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion.
The BIA properly denied Zheng’s motion to reopen as untimely where it was filed more than ninety days after the final order of removal was issued in his case. See 8 C.F.R. § 1003.2(c)(2). Zheng does not challenge the BIA’s finding that his motion was untimely, waiving any such challenge. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, the BIA did not abuse its discretion in finding that Zheng failed to establish his prima facie eligibility for the underlying substantive relief sought. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Neither in his motion nor in his brief before this Court does Zheng show that (1) his alleged detention was directly related to his own opposition to China’s family planning policy; and (2) even if it was, that the alleged detention rose to the level of persecution. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-310 (2d Cir.2007).[1]
For the foregoing reasons, the petition for review is DENIED.

. Judge Sotomayor continues to believe that the majority opinion in Shi Liang Lin was in error to the extent that it applied beyond unmarried partners, see Shi Liang Lin, 494 F.3d at 327 (Sotomayor, J., concurring), but notes that the Attorney General has since adopted the Court’s construction of the statute and overruled the BIA's former per se rule of spousal eligibility, see In re: J-S-, 24 I. & N. Dec. 520 (A.G.2008).